BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street
Suite 1550
Santa Ana, CA  92705-4067
Telephone:    949.863.3363
Facsimile:    949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GALVAN MARTINEZ,<br><br>　　　　　Debtor/Plaintiff<br><br>v.<br><br>TRINITY FINANCIAL SERVICES, LLC<br><br>　　　　　Creditor/Defendant<br><br>In re:<br><br>CARLOS GALVAN MARTINEZ | Case No.  2:17-bk-21970-VZ<br><br>Adversary No. 2:18-ap-01009-VZ<br><br>Chapter Number:  13<br><br>**ANSWER TO DEBTOR'S COMPLAINT TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE**<br><br>Date:　　03/22/2018<br>Time:　　10:00 a.m.<br>Ctrm　　 1368<br>Judge:　　Vincent P. Zurzolo |

Secured Creditor Trinity Financial Services, LLC ("Trinity") is the holder of a promissory note and a junior deed of trust against real property located at 4628-4628 ½ St. Elmo Dr., Los Angeles, CA 90019 (the "Property"), and hereby submits the following Answer to the *Debtor's Complaint to Avoid Junior Lien on Principal Residence* (the "Complaint") filed by Debtor Carlos Martinez (the "Debtor"):

**STATEMENT OF FACTS**

The Debtor is the maker of a Note in favor of lender National City Bank, dated August 8, 2007 in the original principal amount of $58,000 (the "Note"). Trinity is the current payee, and holder in due course, of the Note. The Note is secured by a Deed of Trust recorded in Los Angeles County on August 14, 2007 as Document Number 20071903303 (the "Deed of Trust") (collectively, with the Note, the "Subject Loan").

The Debtor filed a voluntary Chapter 13 bankruptcy petition with this Court on or about September 29, 2017 (the "Petition Date"), initiating the instant case identified as Case Number 2:17-bk-21970-VZ. On or about January 11, 2018, the Debtor filed the Complaint, which seeks to avoid Trinity's lien securing the Subject Loan on the basis of the Debtor's assertion that there is no equity in the Property to support Trinity's lien.

**ARGUMENT**

11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm any Chapter 13 Plan, the court must be satisfied . . . that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1986).

Section 1322(b)(2) states that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Trinity's claim is secured by the Subject Property, which is the

1  Debtor's principal residence.  Thus, the plan may not modify Trinity's secured claim.  *See*

2  *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 329, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993)

3  (determination that bank's claim is partially secured "does not necessarily mean that the 'rights'

4  the bank enjoys as a mortgagee, which are protected by § 1322(b)(2), are limited by the valuation

5  of its secured claim.").

6       A claim is not a "secured claim" for bankruptcy purposes, however, if the subject lien is

7  entirely underwater.  *In re Zimmer,* 313 F.3d 1220 (9th Cir. 2002); *In re Lam,* 211 B.R. 36 (9th

8  Cir. BAP 1997).    Therefore, the key issue is whether or not the aggregate dollar amount owed on

9  any senior liens exceeds the value of a given property as of the petition date.

10       Valuation of residential property "is not an exact science."  *In re Karakas,* No. 06-32961,

11  No. 06-80245, 2007 WL 1307906, at *6 (Bankr. N.D.N.Y. May 3, 2007).  Normally, in

12  evaluating conflicting appraisals, a bankruptcy court should carefully compare "the logic of their

13  analyses" and "the persuasiveness of their subjective reasoning."  *In re Park Ave. Partners Ltd.*

14  *P'ship*, 95 B.R. 605, 610 (Bankr. E.D. Wisc. 1988).  The debtor has the burden of demonstrating

15  that "there is not even one dollar of value" in the subject property in excess of the amount owed

16  on the first mortgage.  *In re LePage*, 2011 WL 1884034, at *4 (Bankr. E.D.N.Y. May 18, 2011).

17  Once the debtor has met this burden, the burden shifts to the creditor to submit sufficient evidence

18  to overcome the valuation proposed by the debtor.  *Id.*

19       The Debtor filed a declaration in support of his Complaint asserting that the Subject Loan

20  is not supported by value in the Property due to the value of the Property being too low.

21  However, Trinity, by and through undersigned counsel, has retained the services of a licensed real

22  estate appraiser to determine the value of the Property.  *See Declaration of Jeffrey Neel*, filed

23  concurrently herewith.  The appraiser's valuation indicates that the Subject Loan is in fact

24  partially secured.  Accordingly, the Complaint should be denied, and the Debtor's Chapter 13

25  Plan may not modify Trinity's secured claim.

26  **<u>CONCLUSION</u>**

27       Based on the foregoing facts and applicable law, Trinity respectfully requests:

28       1.     That the Complaint be denied;

2. In the alternative, that an evidentiary hearing on the Complaint be set regarding the value of the Property;

3. That the Court permit Trinity and the Debtor additional time to file the appropriate supplemental declarations;

4. That, should the Court decide to order the avoidance of Trinity's lien, the Court also grant Trinity the following relief:

a. Trinity's secured claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtor's Chapter 13 Plan;

b. The avoidance and release of Trinity's second Deed of Trust be contingent upon the Debtor's completion of his Chapter 13 plan and the Debtor's receipt of a Chapter 13 discharge;

c. Upon plan completion and discharge, Trinity shall reconvey the second Deed of Trust within ninety (90) days of written notice;

d. Trinity shall retain its lien for the full amount due under the subject loan should the Property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan and entry of a Chapter 13 Discharge;

e. Trinity shall retain its lien for the full amount due under the Subject Loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other chapter under the United States Bankruptcy Code;

f. In the event that any entity, including the holder of the first lien on the Property, forecloses on its security interest and extinguishes Trinity's Deed of Trust prior to the Debtor's completion of his Chapter 13 Plan and receipt of a Chapter 13 discharge, Trinity's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale;

/ / /

/ / /

/ / /

/ / /

g. That each party shall bear his or its own attorney's fees and costs; and

5. That the Court grant such other relief as this Court deems appropriate.

Dated: March 20, 2018                                BURKE, WILLIAMS & SORENSEN, LLP
                                                     Rafael R. Garcia-Salgado


By: _____/s/ Rafael Garcia_____
     Richard J. Reynolds
     Rafael R. Garcia-Salgado
     Attorneys for Creditor
     TRINITY FINANCIAL SERVICES, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Burke, Williams & Sorensen, LLP, 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067

A true and correct copy of the foregoing document entitled (*specify*):    ANSWER TO DEBTOR'S COMPLAINT TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/20/18, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Nancy K Curry (TR)    TrusteeECFMail@gmail.com
- Rafael R Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com
- Raymond Perez    rperezlaw.ela@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) 03/20/18, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Carlos Galvan Martinez**
4628 1/2 St. Elmo Dr
Los Angeles, CA 90019    ☐ Service information continued

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method <u>for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I s here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

03/20/18        Bernadette C. Antle
*Date*        *Printed Name*                *Signature*